IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EIDO HUSSAM AL-NAHHAS, <br> also known as Mohammad Al-Nahhas, <br> on behalf of Plaintiff and the class members <br> described below, <br><br> Plaintiff, <br><br> vs. <br><br> ROSEBUD LENDING LZO d/b/a ZocaLoans; <br> 777 PARTNERS LLC; <br> TACTICAL MARKETING PARTNERS, LLC; <br> and JOHN DOES 1-20, <br><br> Defendants. | Case No.: 3:23-mc-00535-SB <br><br> N.D. Ill. Case No.: 1:22-cv-00750 <br><br> Hon. John J. Tharp, Jr. <br> Hon. Gabriel A. Fuentes |

**DEFENDANTS 777 PARTNERS, LLC AND
TACTICAL MARKETING PARTNERS, LLC'S
MOTION TO PARTIALLY QUASH SUBPOENA DIRECTED TO
FIRST REPUBLIC BANK**

Defendant 777 Partners, LLC ("777 Partners") and Defendant Tactical Marketing Partners, LLC ("Tactical") (collectively, the "777 Defendants"), by and through their attorneys, respectfully submit this Motion to Partially Quash Subpoena, seeking an order partially quashing the Subpoena directed to third-party First Republic Bank (the "Subpoena") by Plaintiff Eido Hussam Al-Nahhas ("Plaintiff") which demands the production of bank records of nonparties. ECF No. 5, Ex. A. In support of this motion, the 777 Defendants state as follows:

**MEMORANDUM IN SUPPORT OF MOTION**

1. In compliance with Local Rule 7-1, the Parties made a good faith effort through personal and telephone conferences to resolve the dispute and have been unable to do so.

2. On or about April 18, 2023, Plaintiff directed a subpoena to First Republic Bank. ECF No. 5, Ex. A. The Subpoena demanded the production of:

>[A]ll Documents in your custody or subject to your control relating to [777 Partners LLC, Tactical Marketing Partners LLC, F3EA Capital LLC, F3EA Funding LLC, F3EA Holdings LLC, and F3EA Servicing LLC], or to any accounts, including, but not limited to checking, savings, investment, brokerage, or loan accounts, for, by, or on behalf of any of them either individually or on behalf of, in trust for, or in combination with any other person.

3. F3EA Capital LLC, F3EA Funding LLC, F3EA Holdings LLC, and F3EA Servicing LLC (collectively, the "F3EA Entities") are wholly owned subsidiaries of 777 Partners but are not parties to the underlying case. Plaintiff has proposed to add the F3EA Entities to the underlying case, but the U.S. District Court for the Northern District of Illinois has not yet ruled on Plaintiff's Motion for Leave to File Amended Complaint.

4. Counsel for the 777 Defendants and counsel for the Plaintiff have met and conferred on multiple occasions regarding the scope of the Subpoena. On or about May 30, 2023, Plaintiff's counsel Mr. Goldstein and 777 Defendants' counsel Mr. Daugherty spoke via telephone. On June 30, 2023, Plaintiff's counsel Mr. Goldstein and 777 Defendants' counsel Mr. Daugherty and Mrs. Arrington spoke via telephone. Emails were exchanged between counsel for the parties and between the teleconferences, followed by ongoing telephonic and personal conferences to date.

5. Plaintiff agreed to limit the scope of the demand for production to the following seven categories of information:

   i. Signature Cards;
   ii. Corporate Resolutions;
   iii. Statements;
   iv. Cancelled Checks of $500 or more;
   v. Deposits of $1,000 or more;
   vi. Wires; and
   vii. Readily available e-mail correspondences from the account file.

6. However, despite the best efforts of the parties to resolve this dispute, a disputed issue remains.[1]

## The Dispute Regarding Nonparty Bank Records

7. The 777 Defendants proposed to limit the production to current parties (777 Partners and Tactical), while excluding nonparty entities, without prejudice to Plaintiff's ability to subsequently request those records should Plaintiff's pending Motion for Leave to File Amended Complaint to add those entities be granted by the Court. Plaintiff did not agree to this proposed limitation and maintains it is entitled to the production of the bank records of the nonparties.

8. The Subpoena should be quashed regarding nonparties because it seeks confidential and commercially sensitive banking information from nonparties.

9. Federal Rule of Civil Procedure 45 governs the issuance of subpoenas and provides the Court "must quash or modify a subpoena that . . . requires disclosure of privileged *or other protected matter*, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii) (emphasis added).

10. Individuals and companies "whose banking records are sought by [a] Subpoena or about whom the records provide financial information [have] a legitimate interest in the privacy of that information sufficient to confer standing to challenge a Subpoena directed to [their] bank for those records." *Iantosca v. Benistar Admin Servs., Inc.*, No. 1:11-MC-0066-RLY-DML, 2011 WL 3155649, at *2 (S.D. Ind. July 26, 2011); *see also Microsoft Corp. v. Tech. Enterprices, LLC*, No. 1:07-MC-210-DFH-TAB, 2008 WL 424613, at *1 (S.D. Ind. Feb. 13, 2008).[2]

---

[1] On June 30, 2023, the 777 Defendants filed a similar Motion to Quash in the Northern District of Illinois. On August 2, 2023, the Court denied the motion without prejudice, concluding that it must be brought in the District of Oregon in the first instance pursuant to Fed. R. Civ. P. 45.

[2] Although the Ninth Circuit has not explicitly addressed whether a party can move to quash a subpoena served on a nonparty, many District Court's throughout the Circuit have concluded that such standing does exist when the objecting party claims some personal right or privilege with respect to the documents sought. *See Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 11482463, at *2 (D. Ariz. Dec. 8, 2017) (citing *Broadcort Cap. Corp.*

11. The material sought by the Subpoena is not relevant. Plaintiff may only obtain discovery regarding non-privileged matters relevant to any party's claims or defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The reach of a subpoena is subject to the general relevancy standard set forth in Rule 26. *See Shah v. Rodino*, No. 3:13-cv-103-JD-JEM, 2017 WL 2664764, at *3 (N.D. Ind. June 20, 2017).

12. The *Shah* case is instructive. In *Shah*, the plaintiff sought the bank records of a nonparty. The nonparty was owned by a party but was not mentioned in the plaintiff's complaint. Nevertheless, plaintiff contended it was entitled to the nonparty's bank records to show "an overarching pattern of rack[e]teering activity." *Id.* at *4. The court quashed the subpoena as to the nonparty's bank records, cautioning that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.* (citing *Zenith Elecs. Corp. v. ExZEC, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D. Ill. Jan. 5, 1998) (quotation and alteration omitted)).

13. Here, the Court is faced with a nearly identical fact pattern. The F3EA Entities are not mentioned in Plaintiff's operative complaint. Plaintiff's motion for leave to amend to name the F3EA Entities as parties is pending before the Northern District of Illinois, but has not been decided. No showing has been made by Plaintiff to support the necessity or the relevancy of the disputed discovery to the operative Complaint. As a result, the Subpoena should be quashed.

**Plaintiff's Arguments**

14. In the Northern District of Illinois, Plaintiff made several arguments against quashing the subpoena. First, Plaintiff contends that the motion is untimely. This is inaccurate.

---

*v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Col. 1993)); *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-cv-1207, 2014 WL 641139, at *5 (E.D. Cal. Feb. 18, 2014); *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760, 2017 WL 3007030, at *2 (N.D. Cal. July 14, 2017).

4

Local Rule 37.2 of the Northern District of Illinois requires any party filing a discovery motion to certify that "after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord." In the meet-and-confer process, Plaintiff did not even propose limits on the scope of the Subpoena to the 777 Defendants until May 30th. The parties to the underlying suit were engaged in the meet-and-confer process during the months of June and July. To hold that parties must cut off meet-and-confer discussions and head to court rather than attempt to amicably resolve their differences regarding discovery matters would defeat the purpose and spirit of the local rules governing the underlying action. Plaintiff has represented to the Northern District of Illinois that it would take no action to enforce the Subpoena against First Republic Bank until after the Motion to Quash was resolved. Plaintiff's agreement to delay enforcement of the Subpoena is good cause for the Court to consider the merits of the objections. *Kadant Johnson Inc. v. D'Amico*, No. 3:12-mc-00126, 2012 WL 1576233, at *4 (D. Or. May 4, 2012) (courts may consider objections outside the time set by Fed. R. Civ. P. 45 for good cause shown).

15. Second, Plaintiff has asserted that the 777 Defendants have no authority to protect the rights of the absent F3EA Entities. This argument runs contrary to the decision in *Shah* that considered "discovery motions filed by the <u>parties</u>" to quash subpoenas for bank records of nonparty entities owned by a party. *Shah*, 2017 WL 2664764, at *1 (emphasis added). This case presents an identical fact pattern. Even if Plaintiff is correct, that strongly suggests that the Court should defer ruling on this matter until after Plaintiff's Motion for Leave to Amend the Complaint is decided so that the rights of the F3EA Entities are not decided in their absence.

16. Third, Plaintiff asserts, like the plaintiff in *Shah* seeking to prove "an overarching pattern of rack[e]teering activity[,]" that the records sought are relevant. *Id.* at *4. However,

5

Plaintiff cannot plausibly assert that the records of the F3EA Entities are relevant given that the Complaint does not mention the F3EA Entities even once. Whether or not the banking records of the F3EA Entities are relevant to Plaintiff's proposed amended complaint should be decided only after the Northern District of Illinois has granted (or denied) Plaintiff's leave to amend the Complaint.

### **Transfer and Oral Argument**

17. Prior to filing this motion, the 777 Defendants contacted counsel for First Republic Bank to inquire whether First Republic Bank would consent to the transfer of this matter back to the Northern District of Illinois pursuant to Fed. R. Civ. P. 45(f). First Republic Bank's counsel has not responded.

18. If this matter is not transferred, the 777 Defendants respectfully request a telephonic oral argument be scheduled if the Court so orders. The counsel for the several parties are located in Chicago, Illinois; San Francisco, California; and the District of Columbia.

**Motion**

Wherefore, the 777 Defendants respectfully request that the Court enter an order to partially quash the Subpoena directed to First Republic Bank such that the Subpoena is limited to the records of parties to this litigation.

Respectfully submitted,

By: /s/ *Patrick O. Daugherty*
Patrick O. Daugherty (PRO HAC VICE PENDING)
Nakia Arrington (PRO HAC VICE PENDING)
VAN NESS FELDMAN LLP
1050 Thomas Jefferson Street, NW
Washington, DC 20007
(202) 298-1800
pod@vnf.com
narrington@vnf.com

*Counsel for the 777 Defendants*

Dated: August 4, 2023

## CERTIFICATE OF SERVICE

I, Patrick O. Daugherty, hereby certify that on August 4, 2023, I electronically filed the foregoing document with the United States District Court for the District of Oregon by using the CM/ECF system.

I further certify that the following party or their counsel of record is registered as an ECF filer and that they will be served by the CM/ECF system:

Matthew J. Goldstein (PRO HAC VICE)
ARDC #6339033
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
mgoldstein@edcombs.com

                    By: */s/ Patrick O. Daugherty*
                    Patrick O. Daugherty (PRO HAC VICE PENDING)
                    VAN NESS FELDMAN LLP
                    1050 Thomas Jefferson Street, NW
                    Washington, DC 20007
                    (202) 298-1800
                    pod@vnf.com

                    *Counsel for the 777 Defendants*